LETTS, Judge,
dissenting.
This cause of action for legal malpractice was resolved in the trial court by summary judgment in favor of the defendant lawyers. One of the issues of fact, that I believe precludes such a determination, is whether the attorneys were negligent in permitting their client's corporate existence to lapse (for failure to file annual reports) during the progress of the underlying litigation. I agree with the trial judge that under normal circumstances corporate officers, rather than corporate attorneys, should bear the responsibility of maintaining a corporation as a corporate entity. In the case at bar, however, during the progress of the underlying litigation which gave rise to the malpractice, the attorneys actually undertook to address this very problem on behalf of their corporate client, in a pleading filed to demonstrate compliance with the statute. Having shouldered that burden, I find it unacceptable that the lawyers can now successfully obtain a summary judgment predicated on the inability of their client to pursue the malpractice claim in court because of failure to file the necessary annual reports under section 607.357(6), Florida Statutes (1985).
As a consequence, the erstwhile corporate client, by reason of this affirmance, is on the receiving end of a classic Catch 22. The corporation’s lawyers represented and billed the corporation which was involuntarily dissolved during the progress of the litigation for which the lawyers were employed. Upon suit against its legal counsel for malpractice, said legal counsel successfully defended themselves by taking advantage of their client’s lack of standing in court. This lack of standing arises because the client is no longer a corporation; a defect, which it alleges, came about through the negligence of that very same counsel. I dissent.